# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**JASON C. TANK**,
      **Plaintiff,**

v.                                               Case No. 18-C-0049

**DIVISION OF COMMUNITY CORRECTIONS**,
      **Defendant.**

___

## DECISION AND ORDER

Plaintiff Jason Tank filed an action under 42 U.S.C. § 1983 against the State of Wisconsin's Division of Community Corrections (which is a division of the state's Department of Corrections). In this order, I address plaintiff's motion for leave to proceed without prepayment of the filing fee and screen the complaint.

The Prison Litigation Reform Act ("PLRA") applies to this action because plaintiff was incarcerated when he filed this complaint. 28 U.S.C. §1915. The law allows inmates to proceed in federal court without pre-paying the $350 filing fee. *Id*. The inmate must comply with certain requirements, one of which is to pay an initial partial filing fee. *Id*. On January 16, 2018, I assessed an initial partial filing fee of $8.34. Plaintiff paid that amount on January 19, 2018. Therefore, I will grant plaintiff's motion to proceed without prepayment of the filing fee.

The PLRA requires me to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

# I. ALLEGATIONS

The events giving rise to plaintiff's claim occurred while he was on extended supervision. He alleges that, in October 2014, an intern who worked at the Division of Community Corrections stole some files from the division's offices and used them to contact plaintiff. Plaintiff then had a sexual relationship with the intern over the course of two months. Plaintiff alleges that, in late November 2014, he tried to end the relationship, but the intern "blackmailed" him into continuing the relationship.

Plaintiff alleges that he finally ended the relationship in December 2014. However, after he did so, the intern sent text messages to his cell phone, which at the time was in the possession of plaintiff's girlfriend. The intern told the girlfriend that she was having sex with plaintiff. The girlfriend told the intern that she intended to report the intern's behavior to her supervisor at the Division of Community Corrections. The intern responded by threatening to have plaintiff revoked from extended supervision. Plaintiff alleges that, around this time, the intern would drive by plaintiff's house and harass both him and his girlfriend. She also broke a window on plaintiff's truck and warned plaintiff that she would have him revoked if he reported her actions. Plaintiff alleges that the intern's acts of harassment continued until February 2015.

Plaintiff alleges that, because of the intern's actions, and because her office was across the hall from his probation agent's, he failed to report to the division as required by the conditions of his extended supervision from December 2014 through May 2015. Plaintiff's failure to report eventually resulted in the revocation of his extended supervision. He is currently in custody at the Outagamie County Jail.

Plaintiff alleges that, in May 2015, a supervisor at the Division of Community

2

Corrections named Roger Neveau was informed of the intern's actions. Neveau told plaintiff that the allegations concerning the intern were being investigated. Neveau also told plaintiff that he was a victim under the Prison Rape Elimination Act. A week later, Neveau told plaintiff that "the only thing that happened" to the intern was that the division reported her behavior to Fox Valley Tech (which I presume was the school that sponsored the internship).

Plaintiff alleges that Neveau handled the situation negligently. However, he has not named Neveau (or any other person) as a defendant. The sole named defendant is the Division of Community Corrections. Plaintiff seeks to be compensated for the 12 months he has spent in jail following the revocation of his extended supervision due to his failure to report. He also asks to be released from custody. He also seeks compensation for other harm caused by the intern's actions, such as the damage to his truck.

## II. DISCUSSION

The plaintiff has not stated a federal claim for relief against the Division of Community Corrections. The division is an agency of the State of Wisconsin, and states and state agencies are not "persons" who are suable under 42 U.S.C. § 1983. *See, e.g., Owens v. Godinez*, 860 F.3d 434, 437–38 (7th Cir. 2017). As no statute other than § 1983 would provide plaintiff with a federal cause of action for damages for the events alleged in his complaint, this entire suit must be dismissed.

I note, however, that even if plaintiff had named a defendant who is a "person" under § 1983, there would be other problems with his complaint. First, to the extent plaintiff seeks release from custody, his sole federal remedy would be to file a petition

3

for a writ of habeas corpus and name the administrator of the Outagamie County Jail as the respondent. Release from custody is not a remedy that is available under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Second, to the extent plaintiff seeks damages for the time he has spent in custody since his revocation, he cannot bring an action under § 1983 unless he first has had the revocation order invalidated either in state proceedings or through a federal petition for a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As plaintiff is still in custody, it is obvious that the order has not been invalidated, and that therefore plaintiff cannot bring an action for damages for the time he spent in custody since his revocation.

Third, it appears that plaintiff thinks the Division of Community Corrections was negligent in its supervision of the intern. The proper defendant to any such negligence claim would likely by Neveau, who appears to have supervised the intern. Still, the claim would not be viable under § 1983, because under that statute a supervisor cannot be liable for simple negligence. *See City of Canton v. Harris*, 489 U.S. 378, 391–92 (1989); *Hirsch v. Burke*, 40 F.3d 900, 905 (7th Cir. 1994). Moreover, it is hard to identify any federal law that is implicated by the facts alleged in the complaint, and a claim under § 1983 can only be used to redress violations of federal law. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Plaintiff mentions the Prison Rape Elimination Act, which is a federal law, but he does not allege that Neveau violated that Act. In any event, the Act does not appear to create any federal rights that could be enforced by a victim of sexual misconduct in a lawsuit for damages.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.** The agency having custody of the prisoner shall collect from his institution trust account the **$341.66** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The Clerk of Court shall enter judgment accordingly.

**IT IS ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows

good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge